**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PSC INDUSTRIAL OUTSOURCING, LP, a Delaware limited partnership,<br><br>                    Plaintiff,<br><br>         v.<br><br>KENNETH KODYSZ,,<br><br>                    Defendant. | Case No.: 1:13-cv-00964 - AWI - JLT<br><br>STIPULATED PROTECTIVE ORDER<br><br>(Doc. 17) |

Plaintiff PSC Industrial Outsourcing, LP ("Plaintiff") and Defendant Kenneth Kodysz ("Defendant") (collectively, the "parties"), by and through their respective counsel, hereby agree and stipulate to the following Protective Order ("Order") as follows:

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

   2.1   Material: The term Material shall include but shall not be limited to: documents; tangible things; correspondence; memoranda; bulletins; blueprints; computers; USB drives; electronic storage devices; computer software, including source code, object code and related files, elements and objects; specifications; customer lists or other Material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; proposals; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; compilations from which information can be obtained and translated into reasonably usable form through detection devices; notes; reports; instructions; disclosures; other writings; drawings, pictures, images, diagrams, plot plans, scripts, permits, permit applications, certificates, proposals, bids, models and prototypes and other physical objects; and personal privacy information of third parties.

   2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

   2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things contained or disclosed in Material that qualify for protection under Federal Rule of Civil Procedure 26(c).

   2.4   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

   2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

   2.6   Disclosure or Discovery Material: all Material, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and

tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8   'HIGHLY CONFIDENTIAL – "ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHL Y CONFIDENTIAL - ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on

5

1  a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
2  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of
3  protection being asserted.

4  (b) <u>for testimony given in deposition or in other pretrial or trial proceeding</u>, that the
5  Designating Party identify on the record, before the close of the deposition, hearing, or other
6  proceeding, all protected testimony and specify the level of protection being asserted. When it is
7  impractical to identify separately each portion of testimony that is entitled to protection and it appears
8  that substantial portions of the testimony may qualify for protection, the Designating Party may invoke
9  on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to
10 21 days to identify the specific portions of the testimony as to which protection is sought and to
11 specify the level of protection being asserted. Only those portions of the testimony that are
12 appropriately designated for protection within the 21 days shall be covered by the provisions of this
13 Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to
14 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as
15 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

16 Parties shall give the other parties notice if they reasonably expect a deposition, hearing or
17 other proceeding to include Protected Material so that the other parties can ensure that only authorized
18 individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are
19 present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way
20 affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
21 ONLY."

22 Transcripts containing Protected Material shall have an obvious legend on the title page that
23 the transcript contains Protected Material, and the title page shall be followed by a list of all pages
24 (including line numbers as appropriate) that have been designated as Protected Material and the level
25 of protection being asserted by the Designating Party. The Designating Party shall inform the court
26 reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period
27 for designation shall be treated during that period as if it had been designated "HIGHLY
28 CONFIDENTIAL - ATTORNEYS' EYES ONL Y" in its entirety unless otherwise agreed. After the

expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **OBJECTIONS TO DESIGNATION OF MATERIAL**

At any stage of these proceedings, any Party may object to a designation of the Material as Protected Material. The Party objecting to confidentiality shall notify, in writing, Counsel for the Designating Party of the objected-to Material and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such notice of objection, the objecting Party may move the Court for a ruling on the objection. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the met and confer requirements and that sets forth with specificity the justification for the confidential designation that was given by the Designating Party in the meet and confer dialogue. The Material at issue shall be treated as Protected Material, as designated by the Designating Party, until the Court has ruled on the objections or the matter has been otherwise resolved. In ruling upon the objection, the Court may consider, among any other considerations it deems relevant, (a) the legitimacy of the Designating Party's claim that the information is Protected Material, (b) the risk to the Designating Party that the information can be misused or disclosed to the public or to the wrong parties if not designated as Protected Material, (c) the inconvenience or prejudice to the objecting party if the information is treated as Protected Material, (d) whether the information has been disclosed prior to

the entry of this Order by the Designating Party either knowingly or in any manner that makes it unreasonable for the Designating Party to claim it as Protected Mater, (e) the inconvenience to the court if the information is treated as Protected Material, and (f) the interests of the public.

This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Protected Material. The existence of this Order shall not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party, however if the Receiving Party is an entity, disclosure shall be limited to the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined In this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items</u>. Materials may be disclosed only to those persons designated in paragraph 7 (a),(d), and (g) above. "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials may also be disclosed to those persons identified in paragraph 7 (c) and (e), provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Undertaking attached to this Order as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Materials, and shall be provided to the opposing party's counsel upon written request. If disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

**8.     DISCLOSURE OF PROTECTED MATERIAL TO PERSONS NOT PROVIDED FOR IN THIS ORDER**

Any Party may request at any time permission to disclose Protected Material to a person other than those permitted as set forth in the Order by serving a written request upon the designating person or its Counsel identifying the material it wishes to disclose, to whom, and the reason for disclosure. The designating person or its Counsel shall respond to the request in writing within five (5) business days and, if consent is being withheld, shall state the reasons why consent is being withheld. A failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, a

Party and the Designating party are subsequently unable to agree on the terms and conditions of the disclosure, disclosure may be made only on such terms as the Court may provide upon motion of the Requesting party. The Party seeking to disclose such Protected Material shall have the burden of proof to demonstrate to the Court the grounds for such disclosure.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

///

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produce material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. **MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141 a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

14. **EFFECT OF COMPLYING WITH TERMS OF PROTECTIVE ORDER**

14.1 Entering into, agreeing to produce, producing, designating or receiving Materials designated under, or otherwise complying with the terms of this order shall not:

(a) Bar Counsel from rendering advice to their clients with respect to the litigation

and, in the course thereof, relying upon any information designated as Protected Material, provided that the contents of the information shall not be disclosed;

   (b) Operate as an admission by any person that any particular Protected Material contains or reflects trade secrets and/or any other type of confidential information;

   (c) Operate as an admission by any person that the restriction and procedures set forth herein constitute or do not constitute adequate protection for any particular Protected Material;

   (d) Prejudice III any way the rights of any person to object to the production of documents it considers not subject to discovery;

   (e) Prejudice in any way the rights of any person to object to the authenticity or admissibility into evidence of any material subject to this order;

   (f) Prejudice in any way the rights of any person to seek a determination by the Court whether any Material should be subjected to the terms of this Order;

   (g) Prejudice in any way the rights of any person to petition the Court for a further protective order relating to any purportedly Protected Material;

   (h) Prevent the designating person from agreeing in writing, or on the record during a deposition or hearing in this Action, to alter or waive provisions or protections provided for herein with respect to any particular Material; or

   (i) Prevent the Court from Modifying this Order.

  14.2 The designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of this Order shall not be used, construed or interpreted as evidence that the designating party believes or contends that the designated materials constitute protected trade secrets or are otherwise protected as confidential and/or proprietary materials. Likewise, failure to designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be used, construed or interpreted as evidence that the producing party does not believe or contend that the designated materials constitute protected trade secrets or are otherwise protected as confidential and/or proprietary materials. This Order, the fact of its adoption or entry, and any provision of this Order or form attached to this Order, shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce the terms of this Order.

14.3    Nothing herein shall impose any restrictions on any party from disclosing its own Confidential Materials as such party deems appropriate. However, once disclosed, the Materials will be treated as non-confidential.

14.4    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

14.5    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

15.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on August 14, 2013 in the case of Case No. 1:13-CV-00964-A WI-JLT, *PSC Industrial Outsourcing, LP v. Kenneth Kodysz*, in the United States District Court for the Eastern District of California. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Printed name:_____
　　　　　　　[printed name]


Signature: _____
　　　　　　　[signature]

**ORDER**

GOOD CAUSE appearing, based upon the stipulation of the parties, it is hereby ordered that the terms of the parties' Stipulated Protective Order are adopted by this Court. The Parties shall adhere to the terms of the Stipulated Protective Order unless modified or otherwise ordered by the Court.

IT IS SO ORDERED.

Dated:   **August 14, 2013**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE